UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joseph Anthony Favors, | Case No. 21-CV-0439 (ECT/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Nicollet County District Court, | |
| Defendant. | |

---

Plaintiff Joseph Anthony Favors has applied for *in forma pauperis* ("IFP") status in this litigation. (Dkt. 2.) There is substantial reason to believe that Favors does not qualify for IFP status — or, at a minimum, that Favors has not been truthful about his finances on previous IFP applications filed in this District. *See Favors v. Internal Revenue Service*, No. 21-CV-0359, Dkt. No. 12 (D. Minn. Mar. 19, 2021). In any event, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is

1

plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Favors alleges that defendant Nicollet County District Court has violated his constitutional rights by taking too long to respond to his filings, and he seeks monetary relief from that court pursuant to 42 U.S.C. § 1983.[1]  The § 1983 claim is a non-starter.  The Nicollet County District Court as an entity is not amenable to suit under § 1983, as that court is an arm of the State of Minnesota and is therefore not a "person" for purposes of § 1983.  *See, e.g.*, *Hernandez v. Dakota County District Court*, No. 18-CV-0812 (MJD/SER), 2018 WL 2056230, at *2 (D. Minn. Mar. 27, 2018) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)).  Additionally, the State of Minnesota has sovereign immunity from claims brought under § 1983, and Congress has not abrogated that immunity.  *See, e.g.*, *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  The Nicollet County District Court is simply not an appropriate defendant from which to seek relief under § 1983.  This Court therefore recommends that the claim be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] Favors also cites several other federal statutes, but does not explain why he believes some of these statutes are relevant (or whether Favors is seeking relief under those statutes at all, as his federal-law claims for relief appear to be brought under § 1983 (*see* Dkt. 1 at 13, 29)).  For example, Favors refers to 42 U.S.C. § 3605 throughout his pleading (*see, e.g.*, Dkt. 1 ¶ 21), but that statute prohibits discrimination in real estate-related transactions.  No such transaction is at issue in this litigation.

Even if Favors had named different defendants to this lawsuit, another obstacle would likely preclude relief. As Favors himself recognizes in his pleading (*see* Dkt. 1 ¶ 23), judicial officers are generally immune from suit for actions taken in their roles as judicial officers, *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Favors speculates that there was "no rational government reason" for the delay in adjudicating his cases and that the delay may even have been intentional (Dkt. 1 ¶ 24), but "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11. Thus, even if Favors had named "persons" as defendants to this lawsuit rather than the Nicollet County District Court, it is likely that those persons would also be immune from suit.

Favors also seeks to bring claims pursuant to state law. (*See* Dkt. 1 ¶ 1.) The Court, however, lacks original jurisdiction over these claims. No question of federal law is implicated by Favors' state-law claims, *see* 28 U.S.C. § 1331, and Favors does not allege that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a). Moreover, the Eighth Circuit has instructed courts to decline to exercise supplemental jurisdiction where, as recommended here, all claims over which the district court had original jurisdiction are dismissed before trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, it is recommended that any state-law claims brought by Favors be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Joseph Anthony Favors (Dkt. 2) be DENIED.

Dated: April 8, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).