UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph Anthony Favors,   File No. 21-cv-439 (ECT/ECW)

    Plaintiff,

v.   **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Nicollet County District Court,

    Defendant.

---

In this action, pro se Plaintiff Joseph Anthony Favors claims that the Nicollet County District Court—a Minnesota state court—violated his federal constitutional rights by neglecting to act on two lawsuits that he filed. Compl. ¶¶ 10–16, 39–40 [ECF No. 1]. He also asserts a state-law negligence claim. *Id.* ¶¶ 41–43. On both claims, he seeks damages. *Id.* ¶¶ 44–46. In a Report and Recommendation ("R&R"), Magistrate Judge Elizabeth Cowan Wright concluded that Favors's federal claims should be dismissed, that the court should decline to exercise supplemental jurisdiction over his negligence claim, and that Favors's application to proceed in forma pauperis should be denied. R&R at 2–4 [ECF No. 4]. Favors filed objections to the R&R and a motion for leave to file an amended complaint. ECF Nos. 5, 6. Those portions of the R&R to which Favors objected will be reviewed de novo, and all other portions will be reviewed for clear error. *See* 28 U.S.C. § 636(b)(1); L.R. 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Favors does not object to Magistrate Judge Wright's conclusion that his federal damages claim under 42 U.S.C. § 1983 fails. Nor could he successfully do so, for two reasons. First, the Nicollet County District Court is an arm of the state itself, and "a [s]tate is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Second, a non-consenting state is immune from damages claims under the Eleventh Amendment. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

Instead, Favors seeks leave to amend his Complaint to: (1) name the chief judge of the Nicollet County District Court and a court clerk as defendants, and (2) request declaratory and injunctive relief from those defendants. ECF No. 5 at 3–4. Generally, a court should "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however, when the proposed amendments would be futile. *Jackson v. Riebold*, 815 F.3d 1114, 1122–23 (8th Cir. 2016).

Leave to amend will be denied because Favors's proposed amendments are futile. First, if Favors intends to proceed with a damages claim against the state-court judge and clerk, that claim is unavailable to him. With exceptions not relevant here, judges and court employees are immune from suits for money damages for actions taken in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 9, 11–12 (1991) (per curiam); *see Hamilton v. City of Hayti*, 948 F.3d 921, 928 (8th Cir. 2020). In allegedly failing to act on Favors's lawsuits, the judge and clerk in this case were acting in their judicial capacities, so they are immune from his claims for damages.

Second, Favors would not be able to obtain injunctive relief. Under § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's

2

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Favors does not allege that any declaratory decree was violated or that declaratory relief was unavailable, so § 1983 bars any claim he might raise for injunctive relief. *See Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 762–63 (8th Cir. 2019).

Third, Favors has not plausibly alleged a basis for declaratory relief. In this context, only "*prospective* declaratory relief" is available—that is, a judgment "meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." *Id.* at 764 (citation omitted). The allegations in the Complaint and motion for leave to amend suggest that Favors is only challenging conduct that occurred in the past. He alleges that, after unsuccessfully attempting to get the state court to act on his lawsuits, he "immediately filed to withdraw the cases he previously had filed[.]" Compl. ¶ 14. His objections do not seem to reveal any ongoing or future conduct about which he seeks declaratory relief. *See* ECF No. 5 at 3–4. If he did, even prospective declaratory relief would likely be unavailable under these circumstances. "[C]laims for declaratory and equitable relief [are] not appropriate where an adequate remedy at law exists." *Corrigan v. City of Savage*, No. 18-cv-2257 (ADM/BRT), 2019 WL 2030002, at *6 (D. Minn. Jan. 14, 2019) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2019 WL 1487897 (D. Minn. Apr. 4, 2019). "An adequate remedy at law exists when the acts of a judicial officer can be reviewed on appeal or by extraordinary writs." *Id.* (citation omitted). Minnesota law authorizes a state appellate court to issue a writ of mandamus "to oversee the actions of lower courts in the rare

instances in which a court refuses to exercise judicial power that is clearly required[.]" *Klapmeier v. Cirrus Indus., Inc.*, 900 N.W.2d 386, 392 (Minn. 2017); *see also* Minn. Stat. § 586.01; *McLean Distrib. Co. v. Brewery & Beverage Drivers, Warehousemen & Helpers Union Local No. 993*, 94 N.W.2d 514, 518–19 (Minn. 1959). In view of this potential remedy, and the principle that courts generally have "discretion to decline to enter a declaratory judgment," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995), the better option is to let things play out in state court.

That leaves only Favors's negligence claim. As Magistrate Judge Wright recognized, the Eighth Circuit has regularly observed that, "when a district court has dismissed every federal claim, . . . judicial economy, convenience, fairness, and comity will usually point toward declining to exercise jurisdiction over the remaining state-law claims." *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) (internal quotation marks and citation omitted); *see* 28 U.S.C. § 1367; R&R at 3. Because Favors's federal claims will be dismissed, it is also appropriate to dismiss his state-law negligence claim.

Therefore, based on all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff's Objections to the Report and Recommendation [ECF No. 5] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 4] is **ACCEPTED**;

3. Plaintiff's Motion for Leave to File an Amended Complaint [ECF No. 6] is **DENIED**;

4. This action is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B); and

5. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 2, 2021
s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court